AOC-E-105    Sum Code: CI
Rev. 9-14

**Commonwealth of Kentucky**
**Court of Justice**    Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **19-CI-00158**
Court: **CIRCUIT**
County: **MASON**

---

*Plantiff,* **ESTATE OF VINCENT J. GIBSON VS. DAIMLER NORTH AMERICA CORPOR,** *Defendant*

TO:  **CT CORPORATION SYSTEM**
     **306 W. MAIN STREET, SUITE 512**
     **FRANKFORT, KY 40601**

Memo: Related party is DAIMLER NORTH AMERICA CORPORATION

The Commonwealth of Kentucky to Defendant:
**DAIMLER NORTH AMERICA CORPORATION**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Kit Tolle*

**Mason Circuit Clerk**
**Date: 6/27/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____
                                                        Served By
                                        _____
                                                        Title

---

Summons ID: 17332881250408000000048482
CIRCUIT: 19-CI-00158 Certified Mail
ESTATE OF VINCENT J. GIBSON VS. DAIMLER NORTH AMERICA CORPOR



Page 1 of 1

*e*Filed

Package:000002 of 000032    Presiding Judge: HON. STOCKTON B. WOOD (618253)    Package : 000002 of 000032

COMMONWEALTH OF KENTUCKY
MASON CIRCUIT COURT
CIVIL ACTION NO.: _____

ESTATE OF VINCENT J. GIBSON,.
by and through JOHNNIE SHADD, as Administratrix                    PLAINTIFF

v.                            **<u>COMPLAINT</u>**
*Electronically Filed*

DAIMLER NORTH AMERICA CORPORATION
36455 Corporate Drive
Farmington Hills, MI  48331

       Serve:  CT Corporation System
              306 W. Main Street, Suite 512
              Frankfort, KY  40601

and

DAIMLER TRUCKS NORTH AMERICA, LLC
4555 N. Channel Avenue
Portland, OR  97217

       Serve:  Kentucky Secretary of State
              Summons Branch
              700 Capital Ave., Ste. 86
              Frankfort, KY  40601

and

LUFKIN INDUSTRIES, LLC,
F/K/A LUFKIN INDUSTRIES, INC.
17021 Aldine Westfield Road
Houston, TX  77073

       Serve:  CT Corporation System
              306 W. Main Street, Suite 512
              Frankfort, KY  40601

and

GE OIL & GAS, INC.
17021 Aldine Westfield Road
Houston, TX  77073

1

Package:000003 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000003 of 000032

Serve: CT Corporation System
306 W. Main Street, Suite 512
Frankfort, KY 40601

and

GENERAL ELECTRIC COMPANY
41 Farnsworth Street
Boston, MA 02210

Serve: CT Corporation System
306 W. Main Street, Suite 512
Frankfort, KY 40601

and

BAKER HUGHES OILFIELD OPERATIONS LLC
17021 Aldine Westfield Road
Houston, TX 77073

Serve: CT Corporation System
306 W. Main Street, Suite 512
Frankfort, KY 40601

** ** ** ** ** ** **

Plaintiff, the Estate of Vincent J. Gibson, by and through, Johnnie Shadd, as Administratrix, by counsel, and for its Complaint against Defendants, Daimler North America Corporation, Daimler Trucks North America, LLC, Lufkin Industries, LLC, f/k/a Lufkin Industries, Inc., GE Oil & Gas, Inc., General Electric Company, and Baker Hughes Oilfield Operations LLC (collectively, the "Defendants"), states as follows:

1.      The decedent, Vincent J. Gibson, was, at all times pertinent, a resident and citizen of Carlisle, Nicholas County, Kentucky and died on June 27, 2018. Johnnie Shadd was Mr. Gibson's mother and the Nicholas District Court appointed Ms. Shadd Administratrix of her son's Estate on July 11, 2018. (A true and accurate copy of the Appointment is attached as Exhibit 1.)

Package:000004 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (618253)

Package : 000004 of 000032

2

2.      Defendant, Daimler North America Corporation, is a Delaware corporation with its principal place of business at 36455 Corporate Drive, Farmington Hills, Michigan 48331.  At all relevant times, Defendant, Daimler North America Corporation, conducted business within the Commonwealth of Kentucky, generated revenue as a result, placed its product in the stream of commerce, and has caused tortious injury in the Commonwealth of Kentucky.  Defendant, Daimler North America Corporation, should be served through its registered agent for service of process, CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

3.      Defendant, Daimler Trucks North America, LLC, is a foreign limited liability company with its principal place of business at 4555 N. Channel Avenue, Portland, Oregon 97212.  At all relevant times, Defendant, Daimler Trucks North America, LLC, conducted business within the Commonwealth of Kentucky, generated revenue as a result, placed its product in the stream of commerce, and caused tortious injury in the Commonwealth of Kentucky.  Defendant, Daimler Trucks North America, LLC, should be served through the Kentucky Secretary of State at its principal place of business at 4555 N. Channel Avenue, Portland, Oregon 97217.

4.      Defendant, Lufkin Industries, LLC, f/k/a Lufkin Industries, Inc., is a Texas limited liability company with its principal place of business at 17021 Aldine Westfield Road, Houston, Texas 77073.  At all relevant times, Defendant, Lufkin Industries, LLC, f/k/a Lufkin Industries, Inc., conducted business within the Commonwealth of Kentucky, generated revenue as a result, placed its product in the stream of commerce, and caused tortious injury in the Commonwealth of Kentucky.  Defendant, Lufkin Industries, LLC, f/k/a Lufkin Industries, Inc., should be served through its registered agent for service of process, CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

3

Package:000005 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000005 of 000032

5.    Defendant, GE Oil & Gas, Inc., is a Delaware corporation with its principal place of business at 17021 Aldine Westfield Road, Houston, Texas 77073. At all relevant times, Defendant, GE Oil & Gas, Inc., conducted business within the Commonwealth of Kentucky, generated revenue as a result, placed its product in the stream of commerce, and caused tortious injury in the Commonwealth of Kentucky. Defendant, GE Oil & Gas, Inc., should be served through its registered agent for service of process, CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

6.    .    Defendant, General Electric Company, is a New York corporation with its principal place of business at 41 Farnsworth Street, Boston, Massachusetts 02210. At all relevant times, Defendant, General Electric Company, conducted business in the Commonwealth of Kentucky, generated revenue as a result, placed its product in the stream of commerce, and caused tortious injury in the Commonwealth of Kentucky. Defendant, General Electric Company, should be served through its registered agent for service of process, CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

7.    Defendant, Baker Hughes Oilfield Operations LLC, is a California limited liability company with its principal place of business at 17021 Aldine Westfield Road, Houston, Texas 77073. At all relevant times, Defendant, Baker Hughes Oilfield Operations LLC, conducted business in the Commonwealth of Kentucky, generated revenue as a result, placed its product in the stream of commerce, and caused tortious injury in the Commonwealth of Kentucky. Defendant, Baker Hughes Oilfield Operations LLC, should be served through its registered agent for service of process, CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

Package:000006 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000006 of 000032

.4

8.     Whenever the term "Daimler Defendants" is utilized within this suit, such term shall collectively refer to and includes Defendants, Daimler North America Corporation and Daimler Trucks North America, LLC.

9.     Defendants, Lufkin Industries, LLC, f/k/a Lufkin Industries, Inc., GE Oil and Gas, Inc., and Baker Hughes Oilfield Operations LLC, are wholly owned subsidiaries of Defendant, General Electric Company.

10.     Whenever the term "Lufkin Defendants" is utilized within this suit, such term shall collectively refer to and includes Defendants, Lufkin Industries, LLC, f/k/a Lufkin Industries, Inc., GE Oil & Gas, Inc., General Electric Company, and Baker Hughes Oilfield Operations LLC.

11.     At all times herein mentioned, Daimler Defendants, both individually and collectively, and affiliates not herein named, are and were agents, servants, partners, alter egos, affiliates, representatives, or joint ventures of each other, and in doing the acts alleged herein were acting within the scope of such agency.  Each of these Daimler Defendants had actual and/or constructive knowledge of the acts of each other, and ratified, approved, joined in, acquiesced in, and/or authorized the wrongful acts of each other, and/or retained the benefits of said wrongful acts.

12.     At all times herein mentioned, the Lufkin Defendants, both individually and collectively, and affiliates not herein named, are and were agents, servants, partners, alter egos, affiliates, representatives, or joint ventures of each other, and in doing the acts alleged herein were acting within the scope of such agency.  Each of these Lufkin Defendants had actual and/or constructive knowledge of the acts of each other, and ratified, approved, joined in, acquiesced in, and/or authorized the wrongful acts of each other, and/or retained the benefits of said wrongful acts.

Package:000007 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000007 of 000032

5

13.    The acts and omissions that form the basis of Plaintiff's Complaint occurred in Mason County, Kentucky.

14.    Plaintiff's claims against the Defendants exceed the jurisdictional dollar amount necessary to establish proper jurisdiction in this Court.

## FACTS

15.    At all relevant times, the Daimler Defendants were engaged in the business of placing commercial trucks into the stream of commerce by designing, manufacturing, testing, marketing, promoting, packaging, labeling, and/or selling such commercial trucks, including the 2007 Sterling A-Line. The Daimler Defendants design, manufacture, market, advertise, promote, and sell the 2007 Sterling A-Line worldwide including Kentucky.

16.    At all relevant times, the Lufkin Defendants were engaged in the business of placing commercial trailers into the stream of commerce by designing, manufacturing, testing, marketing, promoting, packaging, labeling, and/or selling such commercial trailers, including the 2006 Lufkin Trailer. The Lufkin Defendants design, manufacture, market, advertise, promote, and sell the 2006 Lufkin Trailer worldwide including Kentucky.

17.    The subject 2007 Sterling A-Line and its component parts are "products' within the meaning of KRS 411.300, *et seq.*

18.    The subject 2006 Lufkin Trailer and its component parts are "products" within the meaning of KRS 411.300, *et seq.*

19.    Upon information and belief, on or about June 27, 2018, decedent, Vincent J. Gibson, worked for Lowe's at the company's store located at 314 E. Maple Leaf Road, Maysville, Mason County, Kentucky 41056. That same day Mr. Gibson and a co-worker left the store in

Package:000008 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000008 of 000032

Mason County driving the Daimler Defendants' truck with the Lufkin Defendants' trailer to travel to Ohio for a delivery.

20.    On or about June 27, 2018, decedent, Vincent J. Gibson was the passenger in a 2007 Sterling A-Line, VIN 2FWJA3CV87AX39061, attached to and hauling a 2006 Lufkin Trailer, traveling northbound on SR 136 in Sprigg, Adams County, Ohio. The vehicle was being driven by Vincent J. Gibson's co-worker, David L. Kennedy, in a reasonable and customary manner.

21.    As Mr. Kennedy was driving the 2007 Sterling A-Line with the 2006 Lufkin Trailer attached, a 2003 Dodge F-150 driven by Ricky Weisner, made a right-hand turn from a private drive onto SR 136 in front of the semi-truck and trailer, causing a collision. As the semi-truck and trailer rolled over, the roof of the 2007 Sterling A-Line cab collapsed and the bulkhead of the 2006 Lufkin Trailer failed.

22.    As a result of the catastrophic failure of the 2007 Sterling A-Line and 2006 Lufkin Trailer, Vincent J. Gibson sustained serious personal injuries and died.

### COUNT I – STRICT LIABILITY – MANUFACTURING DEFECT
### (AGAINST THE DAIMLER DEFENDANTS)

23.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-22 as if fully set forth herein.

24.    The 2007 Sterling A-Line used by decedent, Vincent J. Gibson, was not reasonably safe for its intended use and was defective with respect to its manufacture, as described herein, in that the Daimler Defendants deviated materially from their design and manufacturing specifications and/or such design and manufacture posed an unreasonable risk of harm to decedent, Vincent J. Gibson.

7

Package:000009 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000009 of 000032

25.    The Daimler Defendants' 2007 Sterling A-Line is inherently dangerous and defective, unfit and unsafe for its intended and reasonably foreseeable uses, and does not meet or perform to the expectations of users.

26.    The 2007 Sterling A-Line creates risks to the safety of users that are far more significant and devastating than the risks posed by other vehicles on the market, and which far outweigh the utility of the 2007 Sterling A-Line.

27.    The Daimler Defendants have intentionally and recklessly manufactured the 2007 Sterling A-Line with wanton and willful disregard for the rights and health of the decedent, Vincent J. Gibson, and with malice, placing their economic interests above the health and the safety of users, such as Vincent J. Gibson.

28.    As a direct and proximate result of such acts and/or omissions by the Daimler Defendants, Mr. Gibson suffered the injuries and death described herein and his Estate brings this wrongful death action.  Plaintiff asserts a claim for judgment against the Daimler Defendants for all compensatory damages including, but not limited to, medical and related expenses, lost wages, destruction of his power to labor and earn money, and extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT II – STRICT LIABILITY – DESIGN DEFECT
## (AGAINST THE DAIMLER DEFENDANTS)

29.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-28 as if fully set forth herein.

8

Package:000010 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (618253)

Package : 000010 of 000032

30.    At all times herein mentioned, the Daimler Defendants designed, researched, manufactured, tested, advertised, promoted, sold, and distributed the 2007 Sterling A-Line as hereinabove described that was used by decedent, Vincent J. Gibson.

31.    The Daimler Defendants' 2007 Sterling A-Line was expected to and did reach the usual consumers and persons utilizing such product without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by the Daimler Defendants.

32.    At those times, the 2007 Sterling A-Line was in an unsafe, defective, and inherently dangerous condition, which was dangerous to users, and in particular, to decedent, Vincent J. Gibson.

33.    The 2007 Sterling A-Line designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by the Daimler Defendants was defective in design in that, when it left the hands of the Daimler Defendants' manufacturers and/or suppliers, it was unreasonably dangerous, unreasonably dangerous in normal use, unreasonably dangerous in foreseeable vehicle wrecks, and it was more dangerous than an ordinary user would expect.

34.    At all times herein mentioned, the 2007 Sterling A-Line was in a defective condition and unsafe, and the Daimler Defendants knew or had reason to know that said product was defective and unsafe, especially when used in the form and manner as provided by the Daimler Defendant.

35.    The Daimler Defendants knew, or should have known that at all times herein mentioned its 2007 Sterling A-Line was in a defective condition, and was and is inherently dangerous and unsafe.

Package:000011 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000011 of 000032

9

36.     Decedent, Vincent J. Gibson, was without knowledge of the 2007 Sterling A-Line's dangerous characteristics.

37.     At the time of the decedent, Vincent J. Gibson's, use of the 2007 Sterling A-Line, the 2007 Sterling A-Line was being used for the purposes and in a manner normally and foreseeably intended.

38.     The Daimler Defendants with this knowledge voluntarily designed the 2007 Sterling A-Line with a dangerous condition for use by the public, and in particular, decedent, Vincent J. Gibson.

39.     The Daimler Defendants had a duty to create a product that was not unreasonably dangerous for its normal, foreseeable, and intended use.

40.     The Daimler Defendants had a duty to create a product that was not unreasonably dangerous and crashworthy in foreseeable vehicle wrecks, such as that experienced by the decedent, Vincent J. Gibson.

41.     The Daimler Defendants have a legal duty to design its vehicle to be crashworthy, and are thus responsible for the extent to which the 2007 Sterling A-Line's defects caused and/or worsened decedent, Vincent J. Gibson's, injuries and death.

42.     As a direct and proximate result of such acts and/or omissions by the Daimler Defendants, Mr. Gibson suffered the injuries and death described herein and his Estate brings this wrongful death action. Plaintiff asserts a claim for judgment against the Daimler Defendants for all compensatory damages including, but not limited to, medical and related expenses, lost wages, destruction of his power to labor and earn money, and extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and death in an

10

Package:000012 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000012 of 000032

amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this

Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT III – STRICT LIABILITY – FAILURE TO WARN
### (AGAINST THE DAIMLER DEFENDANTS)

43.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs

1-42 as if fully set forth herein.

44.    The Daimler Defendants engaged in the business of selling, designing, testing,

distributing, supplying, manufacturing, marketing, and/or promoting the 2007 Sterling A-Line,

and through that conduct have knowingly and intentionally placed the 2007 Sterling A-Line into

the stream of commerce with full knowledge that it reaches users such as the decedent, Vincent J.

Gibson, who are exposed to it through ordinary and foreseeable uses.

45.    The Daimler Defendants expected the 2007 Sterling A-Line that it was selling,

designing, distributing, supplying, manufacturing, and/or promoting to reach – and the 2007

Sterling A-Line did in fact reach – users, including the decedent, Vincent J. Gibson, without any

substantial change in the condition of the product from when it was initially distributed by the

Daimler Defendants.

46.    At the time of manufacture, the Daimler Defendants could have provided the

warnings regarding the full and complete risks of the 2007 Sterling A-Line because they knew or

should have known of the unreasonable risks of harm associated with the use of such product.

47.    At all times herein mentioned, the aforesaid product was defective and unsafe in

manufacture and design such that it was unreasonably dangerous to the user, and was so at the

time it was distributed by the Daimler Defendants and at the time the decedent, Vincent J. Gibson,

used the product. The defective condition of the 2007 Sterling A-Line was due in part to the fact

11

Filed          19-CI-00158   06/27/2019          Kirk Tolle, Mason Circuit Clerk

that it was not accompanied by proper warnings regarding its unreasonable dangers, including, but not limited to, the defective cab roof.

48.     This defect caused serious injury and death to decedent, Vincent J. Gibson, who used the 2007 Sterling A-Line in its intended and foreseeable manner.

49.     At the time of his use of the 2007 Sterling A-Line, decedent Vincent J. Gibson, could not have reasonably discovered any defect in the 2007 Sterling A-Line prior through the exercise of reasonable care.

50.     The Daimler Defendants, as the manufacturer and/or distributor of the subject vehicle, is held to the level of knowledge of an expert in the field.

51.     The decedent, Vincent J. Gibson, reasonably relied upon the skill, superior knowledge, and judgment of the Daimler Defendants.

52.     Had the Daimler Defendants properly disclosed the risks associated with the 2007 Sterling A-Line, the decedent Vincent J. Gibson, would have avoided the risk by not using the 2007 Sterling A-Line.

53.     The information that the Daimler Defendants did provide or communicate failed to contain adequate warning and precautions that would have enabled the decedent, Vincent J. Gibson, and similarly situated individuals, to utilize the product safely and with adequate protection. Instead, the Daimler Defendants disseminated information that was inaccurate, false, and misleading and which failed to communicate accurately or adequately the comparative severity, duration, and extent of the risk of injuries and death associated with the 2007 Sterling A-Line; continued to promote the 2007 Sterling A-Line even after it knew or should have known of the unreasonable risks from use; concealed, downplayed, or otherwise suppressed through

12

marketing and promotion, any information or research about the risks and dangers of the 2007 Sterling A-Line.

54.     As a result of its inadequate warnings, the Daimler Defendants' 2007 Sterling A-Line was defective and unreasonably dangerous when it left the possession and/or control of the Daimler Defendants, was distributed by the Daimler Defendants, and was used by the decedent, Vincent J. Gibson.

55.     As a direct and proximate result of such acts and/or omissions by the Daimler Defendants, Mr. Gibson suffered the injuries and death described herein and his Estate brings this wrongful death action. Plaintiff asserts a claim for judgment against the Daimler Defendants for all compensatory damages including, but not limited to, medical and related expenses, lost wages, destruction of his power to labor and earn money, and extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT IV – STRICT LIABILITY – MANUFACTURING DEFECT (AGAINST THE LUFKIN DEFENDANTS)

56.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-55 as if fully set forth herein.

57.     The 2006 Lufkin Trailer used by decedent, Vincent J. Gibson, was not reasonably safe for its intended use and was defective with respect to its manufacture, as described herein, in that the Lufkin Defendants deviated materially from their design and manufacturing specifications and/or such design and manufacture posed an unreasonable risk of harm to decedent, Vincent J. Gibson.

13

58.     The Lufkin Defendants' 2006 Lufkin Trailer is inherently dangerous and defective, unfit and unsafe for its intended and reasonably foreseeable uses, and does not meet or perform to the expectations of users.

59.     The 2006 Lufkin Trailer creates risks to the safety of users that are far more significant and devastating the risks posed by other trailers on the market, and which far outweigh the utility of the 2006 Lufkin Trailer.

60.     The Lufkin Defendants have intentionally and recklessly manufactured the 2006 Lufkin Trailer with wanton and willful disregard for the rights and health of the decedent, Vincent J. Gibson, and with malice, placing their economic interests above the health and the safety of users, such as Vincent J. Gibson.

61.     As a direct and proximate result of such acts and/or omissions by the Lufkin Defendants, Mr. Gibson suffered the injuries and death described herein and his Estate brings this wrongful death action.  Plaintiff asserts a claim for judgment against the Lufkin Defendants for all compensatory damages including, but not limited to, medical and related expenses, lost wages, destruction of his power to labor and earn money, and extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT V – STRICT LIABILITY – DESIGN DEFECT
## (AGAINST THE LUFKIN DEFENDANTS)

62.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-61 as if fully set forth herein.

Package:000016 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (618253)

Package : 000016 of 000032

14

63.    At all times herein mentioned, the Lufkin Defendants designed, researched, manufactured, tested, advertised, promoted, sold, and distributed the 2006 Lufkin Trailer as hereinabove described that was used by decedent, Vincent J. Gibson.

64.    The Lufkin Defendants' 2006 Lufkin Trailer was expected to and did reach the usual consumers and persons utilizing such product without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by the Lufkin Defendants.

65.    At those times, the 2006 Lufkin Trailer was in an unsafe, defective, and inherently dangerous condition, which was dangerous to users, and in particular, to decedent, Vincent J. Gibson.

66.    The 2006 Lufkin Trailer designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by the Lufkin Defendants was defective in design in that, when it left the hands of the Lufkin Defendants' manufacturers and/or suppliers, it was unreasonably dangerous, unreasonably dangerous in normal use, unreasonably dangerous in foreseeable vehicle wrecks, and it was more dangerous than an ordinary user would expect.

67.    At all times herein mentioned, the 2006 Lufkin Trailer was in a defective condition and unsafe, and the Lufkin Defendants knew or had reason to know that said product was defective and unsafe, especially when used in the form and manner as provided by the Lufkin Defendants.

68.    The Lufkin Defendants knew, or should have known, that at all times herein mentioned its 2006 Lufkin Trailer was in a defective condition, and was and is inherently dangerous and unsafe.

69.    Decedent, Vincent J. Gibson, was without knowledge of the 2006 Lufkin Trailer's dangerous characteristics.

15

Package:000017 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000017 of 000032

70.    At the time of the decedent, Vincent J. Gibson's, use of the 2006 Lufkin Trailer, the 2006 Lufkin Trailer was being used for the purposes and in a manner normally and foreseeably intended.

71.    The Lufkin Defendants with this knowledge voluntarily designed the 2006 Lufkin Trailer with a dangerous condition for use by the public, and in particular, decedent, Vincent J. Gibson.

72.    The Lufkin Defendants had a duty to create a product that was not unreasonably dangerous for its normal, foreseeable, and intended use.

73.    The Lufkin Defendants had a duty to create a product that was not unreasonably dangerous and crashworthy in foreseeable vehicle wrecks, such as that experienced by the decedent, Vincent J. Gibson.

74.    The Lufkin Defendants have a legal duty to design its trailer to be crashworthy, and are thus responsible for the extent to which the 2006 Lufkin Trailer's defects caused and/or worsened decedent, Vincent J. Gibson's, injuries and death.

75.    As a direct and proximate result of such acts and/or omissions by the Lufkin Defendants, Mr. Gibson suffered the injuries and death described herein and his Estate brings this wrongful death action. Plaintiff asserts a claim for judgment against the Lufkin Defendants for all compensatory damages including, but not limited to, medical and related expenses, lost wages, destruction of his power to labor and earn money, and extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT VI – STRICT LIABILITY – FAILURE TO WARN
### (AGAINST THE LUFKIN DEFENDANTS)

16

Package:000018 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (618253)

Package : 000018 of 000032

Filed            19-CI-00158    06/27/2019            Kirk Tolle, Mason Circuit Clerk

76.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-75 as if fully set forth herein.

77.    The Lufkin Defendants engaged in the business of selling, designing, testing, distributing, supplying, manufacturing, marketing, and/or promoting the 2006 Lufkin Trailer, and through that conduct have knowingly and intentionally placed the 2006 Lufkin Trailer into the stream of commerce with full knowledge that it reaches users such as the decedent, Vincent J. Gibson, who are exposed to it through ordinary and foreseeable uses.

78.    The Lufkin Defendants expected the 2006 Lufkin Trailer that it was selling, designing, distributing, supplying, manufacturing, and/or promoting to reach – and the 2006 Lufkin Trailer did in fact reach – users, including the decedent, Vincent J. Gibson, without any substantial change in the condition of the product from when it was initially distributed by the Lufkin Defendants.

79.    At the time of manufacture, the Lufkin Defendants could have provided the warnings regarding the full and complete risks of the 2006 Lufkin Trailer because they knew or should have known of the unreasonable risks of harm associated with the use of such product.

80.    At all times herein mentioned, the aforesaid product was defective and unsafe in manufacture such that it was unreasonably dangerous to the user, and was so at the time it was distributed by the Lufkin Defendants and at the time the decedent, Vincent J. Gibson, used the product. The defective condition of the 2006 Lufkin Trailer was due in part to the fact that it was not accompanied by proper warnings regarding its unreasonable dangers, including, but not limited to, the defective trailer bulkhead.

81.    This defect caused serious injury and death to decedent, Vincent J. Gibson, who used the 2006 Lufkin Trailer in its intended and foreseeable manner.

17

Package:000019 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000019 of 000032

82.     At the time of his use of the 2006 Lufkin Trailer, decedent Vincent J. Gibson, could not have reasonably discovered any defect in the 2006 Lufkin Trailer prior through the exercise of reasonable care.

83.     The Lufkin Defendants, as the manufacturer and/or distributor of the subject vehicle, is held to the level of knowledge of an expert in the field.

84.     The decedent, Vincent J. Gibson, reasonably relied upon the skill, superior knowledge, and judgment of the Lufkin Defendants.

85.     Had the Lufkin Defendants properly disclosed the risks associated with the 2006 Lufkin Trailer, the decedent Vincent J. Gibson, would have avoided the risk by not using the 2006 Lufkin Trailer.

86.     The information that the Lufkin Defendants did provide or communicate failed to contain adequate warning and precautions that would have enabled the decedent, Vincent J. Gibson, and similarly situated individuals, to utilize the product safely and with adequate protection.  Instead, the Lufkin Defendants disseminated information that was inaccurate, false, and misleading and which failed to communicate accurately or adequately the comparative severity, duration, and extent of the risk of injuries and death associated with the 2006 Lufkin Trailer; continued to promote the 2006 Lufkin Trailer even after it knew or should have known of the unreasonable risks from use; concealed, downplayed, or otherwise suppressed through marketing and promotion, any information or research about the risks and dangers of the 2006 Lufkin Trailer.

87.     As a result of its inadequate warnings, the Lufkin Defendants' 2006 Lufkin Trailer was defective and unreasonably dangerous when it left the possession and/or control of the Lufkin

18

Defendants, was distributed by the Lufkin Defendants, and was used by the decedent, Vincent J. Gibson.

88.     As a direct and proximate result of such acts and/or omissions by the Lufkin Defendants, Mr. Gibson suffered the injuries and death described herein and his Estate brings this wrongful death action. Plaintiff asserts a claim for judgment against the Lufkin Defendants for all compensatory damages including, but not limited to, medical and related expenses, lost wages, destruction of his power to labor and earn money, and extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT VII - NEGLIGENCE
### (AGAINST THE DAIMLER DEFENDANTS)

89.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-88 as if fully set forth herein.

90.     Upon information and belief, the Daimler Defendants were negligent in the design, testing, and inspection of the 2007 Sterling A-Line in that the vehicle, including its component parts, is not designed to function properly under normal, foreseeable driving conditions.

91.     Upon information and belief, Daimler Defendants were negligent in the design, testing, and inspection of the 2007 Sterling A-Line in that the vehicle, including its component parts, is not designed to be safe in reasonably foreseeable vehicle wrecks, such as that experienced by decedent, Vincent J. Gibson.

92.     The Daimler Defendants negligently designed, tested, inspected, sold, and marketed the subject 2007 Sterling A-Line, including its component parts, and failed to include a reasonable and safer alternative design to the subject defective cab roof.

19

Package:000021 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000021 of 000032

93.     The Daimler Defendants were negligent in failing to adequately and correctly warn the decedent, Vincent J. Gibson and the public of the dangers of its 2007 Sterling A-Line.

94.     As a direct and proximate result of such acts and/or omissions by the Daimler Defendants, Mr. Gibson suffered the injuries and death described herein and his Estate brings this wrongful death action. Plaintiff asserts a claim for judgment against the Daimler Defendants for all compensatory damages including, but not limited to, medical and related expenses, lost wages, destruction of his power to labor and earn money, and extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT VIII – NEGLIGENCE
### (AGAINST THE LUFKIN DEFENDANTS)

95.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-94 as if fully set forth herein.

96.     Upon information and belief, the Lufkin Defendants were negligent in the design, testing, and inspection of the 2006 Lufkin Trailer in that the trailer, including its component parts, is not designed to function properly under normal, foreseeable driving conditions.

97.     Upon information and belief, Lufkin Defendants were negligent in the design, testing, and inspection of the 2006 Lufkin Trailer in that the trailer, including its component parts, is not designed to be safe in reasonably foreseeable vehicle wrecks, such as that experienced by decedent, Vincent J. Gibson.

98.     The Lufkin Defendants negligently designed, tested, inspected, sold, and marketed the subject 2006 Lufkin Trailer, including its component parts, and failed to include a reasonable and safer alternative design to the subject defective trailer bulkhead.

20

Package:000022 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000022 of 000032

99.    The Lufkin Defendants were negligent in failing to adequately and correctly warn the decedent, Vincent J. Gibson, and the public of the dangers of the 2006 Lufkin Trailer.

100.    As a direct and proximate result of such acts and/or omissions by the Lufkin Defendants, Mr. Gibson suffered the injuries and death described herein and his Estate brings this wrongful death action.  Plaintiff asserts a claim for judgment against the Lufkin Defendants for all compensatory damages including, but not limited to, medical and related expenses, lost wages, destruction of his power to labor and earn money, and extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

<u>**COUNT IX – FRAUDULENT CONCEALMENT**</u>
<u>**(AGAINST ALL DEFENDANTS)**</u>

101.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-100 as if fully set forth herein.

102.    Throughout the relevant time period, Defendants knew that their products were defective and unreasonably unsafe for their intended purpose.

103.    Defendants fraudulently concealed from and/or failed to disclose to or warn decedent, Vincent J. Gibson, and the general public, that their products were defective, unsafe, and unfit for the purposes intended, and that it was not of merchantable quality.

104.    Defendants were under a duty to decedent, Vincent J. Gibson, and the public to disclose and warn of the defective nature of their products because:

a.    Defendants were in a superior position to know the true quality, safety, and efficacy of their products;

21

Package:000023 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000023 of 000032

b.    Defendants knowingly made false claims about the safety and quality of their products in documents and marketing materials Defendants provided to the general public; and

c.    Defendants fraudulently and affirmatively concealed the defective nature of their products from the decedent, Vincent J. Gibson.

105.    The facts concealed and/or not disclosed by Defendants to decedent, Vincent J. Gibson, were material facts that a reasonable person would have considered to be important in deciding whether or not to purchase and/or use the Defendants' products.

106.    Defendants intentionally concealed and/or failed to disclose the true defective nature of their products so that decedent would use the Defendants' products, and decedent justifiability acted or relied upon, to his detriment, the concealed and/or non-disclosed facts as evidenced by his use of the Defendants' products.

107.    Defendants, by concealment or other action, intentionally prevented decedent and others from acquiring material information regarding the lack of safety of the Defendants' products, and are subject to the same liability to Plaintiff for Plaintiff's pecuniary losses, as though Defendants had stated the non-existence of such material information regarding the Defendants' products' lack of safety and effectiveness and dangers and defects, and as though Defendants had affirmatively stated the non-existence of such matters that Plaintiff was thus prevented from discovering the truth.  Defendants therefore have liability for fraudulent concealment under all applicable law, including, inter alia, Restatement (Second) of Torts § 550 (1977).

108.    As a direct and proximate result of such acts and/or omissions by the Defendants, Mr. Gibson suffered the injuries and death described herein and his Estate brings this wrongful death action.  Plaintiff asserts a claim for judgment against the Defendants for all compensatory

22

Package:000024 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (618253)

Package : 000024 of 000032

damages including, but not limited to, medical and related expenses, lost wages, destruction of his power to labor and earn money, and extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT X – CONSTRUCTIVE FRAUD
### (AGAINST ALL DEFENDANTS)

109.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-108 as if fully set forth herein.

110.    Defendants are in a unique position of knowledge concerning the quality, safety, and efficacy of the Defendants' products, which knowledge was not possessed by decedent, Vincent J. Gibson, and Defendants thereby held a position of superiority over decedent.

111.    Despite their unique and superior knowledge regarding the defective nature of their products, Defendants continue to suppress, conceal, omit, and/or misrepresent information to the general public concerning the severity of risks and the dangers inherent in the intended use of the Defendants' products, as compared to other vehicles and/or trailers.

112.    Defendants have concealed and suppressed material information, including limited testing, that would reveal that the Defendants' products had a higher risk of failure, in addition to, and exceeding those associated with alternative vehicles and/or trailers. Instead, Defendants misrepresented the safety and efficacy of their products.

113.    Upon information and belief, Defendants' misrepresentations are designed to induce consumers to purchase and use the Defendants' products. Decedent, Vincent J. Gibson reasonably relied on Defendants' representations.

Package:000025 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000025 of 000032

23

Filed        19-CI-00158    06/27/2019            Kirk Tolle, Mason Circuit Clerk

114.    As a direct and proximate result of such acts and/or omissions by the Defendants, Mr. Gibson suffered the injuries and death described herein and his Estate brings this wrongful death action.  Plaintiff asserts a claim for judgment against the Defendants for all compensatory damages including, but not limited to, medical and related expenses, lost wages, destruction of his power to labor and earn money, and extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT XI – NEGLIGENT MISREPRESENTATION
### (AGAINST ALL DEFENDANTS)

115.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-114 as if fully set forth herein.

116.    Defendants had a duty to accurately and truthfully represent to users, including decedent, Vincent J. Gibson, and the public, that their products had not been adequately tested and found to be safe.  The representations made by Defendants, in fact, were false.

117.    Defendants failed to exercise ordinary care in the representations concerning their products while they were involved in their manufacture, sale, testing, quality assurance, quality control, and distribution in interstate commerce, because Defendants negligently misrepresented their products' high risk of unreasonable and dangerous condition.

118.    As a direct and proximate result of such acts and/or omissions by the Defendants, Mr. Gibson suffered the injuries and death described herein and his Estate brings this wrongful death action.  Plaintiff asserts a claim for judgment against the Defendants for all compensatory damages including, but not limited to, medical and related expenses, lost wages, destruction of his power to labor and earn money, and extreme pain and suffering, mental anguish, disability,

Package:000026 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (618253)

Package : 000026 of 000032

24

disfigurement, degradation, unnecessary loss of personal dignity, and death in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT XII – PUNITIVE DAMAGES
### (AGAINST ALL DEFENDANTS)

119.    Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1-118 as if fully set forth herein.

120.    Defendants sold their respective products to decedent's employer and other consumers throughout the United States without conducting adequate testing to ensure that the products were reasonably safe and without warning the general public and their consumers.

121.    Defendants sold their respective products to decedent's employer and other consumers throughout the United States in spite of their knowledge that their products were not crashworthy, and cause the problems set forth in this Complaint, thereby causing severe and debilitating injuries suffered by the decedent, Vincent J. Gibson, including death.

122.    At all times relevant hereto, Defendants knew or should have known that the Defendants' products were inherently dangerous with respect to the risks of failure, pain and suffering, loss of life's enjoyment, as well as other severe and personal injuries, including death.

123.    At all times material hereto, Defendants attempted to misrepresent and did misrepresent facts concerning the safety of the Defendants' respective products.

124.    Defendants' misrepresentations included knowingly withholding material information from users, including decedent, Vincent J. Gibson, concerning the safety of the Defendants' respective products.

Package:000027 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (618253)

Package : 000027 of 000032

25

125.    At all times material hereto, Defendants knew and intentionally and/or recklessly disregarded the fact that the Defendants' products cause debilitating and potentially lethal injuries with greater frequency than safer alternative vehicles and/or trailers.

126.    At all times material hereto, Defendants knew and intentionally and/or recklessly disregarded the fact that the Defendants' products cause debilitating and potentially lethal injuries with greater frequency than safer vehicles and recklessly failed to advise users of same.

127.    At all times material hereto, Defendants intentionally misstated and misrepresented data and continue to misrepresent data so as to minimize the true and accurate risk of injuries caused by the Defendants' respective products.

128.    Defendants knew of the Defendants' products' defective and unreasonably dangerous nature, but continued to manufacture, produce, assemble, market, distribute, and sell the products so as to maximize sales and profits at the expense of the safety of the public, including decedent, Vincent J. Gibson, in conscious and/or reckless disregard of the foreseeable harm caused by the Defendants' products.

129.    Defendants have engaged in conduct entitling Plaintiff to an award of punitive damages pursuant to common law principles and the statutory provisions of the Commonwealth of Kentucky.

130.    Defendants' conduct as described herein shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences, thereby justifying an award of punitive damages.

**WHEREFORE**, Plaintiff, the Estate of Vincent J. Gibson, by and through Johnnie Shadd, as Administratrix, respectfully demands:

1.  Judgment against the Defendants, Daimler North America Corporation, Daimler Trucks North America, LLC, Lufkin Industries, LLC, f/k/a Lufkin Industries, Inc., GE Oil & Gas, Inc., General Electric Company, and Baker Hughes Oilfield Operations LLC, for compensatory damages in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court, and for such amount as a jury may find fair and reasonable as shown by the evidence;

2.  Punitive damages against the Defendants, Daimler North America Corporation, Daimler Trucks North America, LLC, Lufkin Industries, LLC, f/k/a Lufkin Industries, Inc., GE Oil & Gas, Inc., General Electric Company, and Baker Hughes Oilfield Operations LLC;

3.  Plaintiff's costs herein expended;

4.  Interest on any amount which it may be awarded to accrue from the date of the filing of this action until paid;

5.  Attorneys' fees;

6.  Trial by jury; and

7.  Any and all other relief to which it may appear to be entitled.

Respectfully submitted,

/s/ Jennifer A. Moore
JENNIFER A. MOORE
EMILY A. DeVUONO
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY 40208
T: (502) 717-4080
F: (502) 717-4086
jennifer@moorelawgroup.com
emily@moorelawgroup.com

27

Package:000029 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (618253)

Package : 000029 of 000032

and

Walter Aden Hawkins
ISAACS & ISAACS, P.S.C.
1601 Business Center Court
Louisville, KY  40299
T:  (502) 458-1000
F:  (502) 413-2240
Walter.hawkins@isaacsandisaacs.com

*Counsel for Plaintiff*

28

Package:000030 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (619253)

Package : 000030 of 000032

Filed          19-CI-00158     06/27/2019          Kirk Tolle, Mason Circuit Clerk

# EXHIBIT 1

Package:000031 of 000032

Presiding Judge: HON. STOCKTON B. WOOD (618253)

Package : 000031 of 000032

Package:000032 of 000032

AOC-805
Rev. 10-05
Page 3 of 3

Case No. 18-P-00049

IN RE:  Estate of  Vincent J. Gibson

**ORDER**

[X]   Petition filed this  11  day of  July , 2018

[ ]   Will tendered this _____ day of _____, 2_____

Upon hearing, the Will offered was proven by _____

and ORDERED PROBATED as the Last Will and Testament of Decedent this _____ day of _____, 2_____

The Court appoints:  Johnnie Shadd                                                      as

[ ] Executor/Executrix OR [✓] Administrator/Administratrix of said estate and fixes bond in the sum of

$  25,000          [✓] with surety OR [ ] without surety

Date:       7 - 11 , 2018                                    _____
                                                                                    Judge's Signature

Distribution:
    Case File
    Revenue Cabinet

ENTERED
ATTEST SANDYE WATKINS, CLERK
JUL 1 1 2018
NICHOLAS CIRCUIT/DISTRICT COURT
BY _____ DEPUTY

TENDERED
JUL 05 2018

I, SANDYE WATKINS, CLERK OF THE NICHOLAS
CIRCUIT/DISTRICT COURT DO CERTIFY THAT THE
FOLLOWING ARE TRUE AND CORRECT COPIES OF
THE ORIGINAL _____
_____
AS RECORDED IN THE OFFICE OF THE CIRCUIT
CLERK OF NICHOLAS COUNTY.
IN TESTIMONY WHEREOF, WITNESS MY HAND AS
CLERK AFORESAID, THIS THE _____ DAY OF
_____ _____ CLERK
BY _____ D.C.

Package : 000032 of 000032    Presiding Judge: HON. STOCKTON B. WOOD (619253)    Package:000032 of 000032