IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON


CIVIL ACTION NO. 2:19-00095 (WOB-CJS)


JOHNNIE SHADD, as
Administratix of the
Estate of Vincent J.
Gibson,                                                        PLAINTIFF


VS.                        MEMORANDUM OPINION AND ORDER


DAIMLER NORTH AMERICA CORP.,
ET AL.                                                         DEFENDANTS


     This is a products liability action arising out of the death

of an individual who was a passenger in a truck whose components

were allegedly manufactured by certain defendants.

     This matter is before the Court on the motions for summary

judgment by defendants Daimler, Trucks North America, LLC (Doc.

30) and Daimler North America Corp. (Doc. 31), as well as

plaintiff's motion to strike a reply brief (Doc. 37).

     The Court has reviewed these motions and concludes that oral

argument is unnecessary.   It therefore issues the following

Memorandum Opinion and Order.

### Factual and Procedural Background

     On June 27, 2018, decedent Vincent J. Gibson ("Gibson") was

a resident of Nicholas County, Kentucky and was employed by Lowe's

in Maysville, Kentucky.  (Compl. ¶¶ 1, 19). Gibson and a co-worker,

David L. Kennedy ("Kennedy"), left the store that day to make a delivery in Ohio.  They traveled in a semi-truck owned by Lowe's, a 2007 Sterling A-Line, which was pulling a 2006 Lufkin trailer. Lowe's had purchased the semi-truck on October 4, 2006 in North Carolina.

Kennedy drove the truck and Gibson was the passenger. As the men were driving in Adams County, Ohio, a pick-up truck pulled out in front of them, causing a collision.  (Compl. ¶ 21).  Plaintiff alleges that as the semi-truck and trailer rolled over, the roof of the cab of the truck collapsed and the bulkhead of the trailer failed.  Gibson died as a result of the injuries he suffered in the collision.

Plaintiff Johnnie Shadd, Gibson's mother and the administratix of his estate, filed this action in Mason Circuit Court on June 27, 2019, and defendants removed it to this Court based upon diversity jurisdiction.  (Doc. 1).

Plaintiff alleges claims for strict liability against the Daimler defendants as to the design and manufacture of the semi-truck; failure to warn against the Daimler defendants; strict liability against the Lufkin defendants as to the design and manufacture of the trailer; failure to warn against the Lufkin defendants; negligence against the Daimler and Lufkin defendants; fraudulent concealment, constructive fraud, negligent misrepresentation and punitive damages against all defendants.

The Daimler defendants have now moved for summary judgment, arguing that Ohio law applies to this matter and that, under Ohio's ten-year statute of repose, plaintiff's product liability claims are untimely.  In turn, plaintiff argues that Kentucky law applies and that her product liability claims are thus not time-barred.

### Analysis

The parties agree that this Court must apply Kentucky choice-of-law rules to determine what substantive law applies. *See Woods v. Standard Fire Ins. Co.*, 411 F. Supp.3d 397, 401 (E.D. Ky. 2019) ("A federal court sitting in diversity must apply the choice of law rules of the forum state.") (citation omitted).

Under Kentucky choice-of-law rules, there is a strong preference for applying Kentucky law.  *Warndorf v. Otis Elevator Co.*, Civil Action No. 17-159-DLB-CJS, 2019 WL 137585, at *2 (E.D. Ky. Jan. 8, 2019) (citation omitted).

In *Foster v. Leggett*, 484 S.W.2d 827 (Ky. 1972), the Supreme Court of Kentucky recognized that Kentucky had abandoned the pure *lex loci* rule, admonishing that the law of the forum "should not be displaced without valid reasons."  *Id.* at 829.  The Court thus applied Kentucky law to claims brought by the estate of a woman, a Kentucky resident, who was killed in an accident that occurred during a day trip to Ohio.  *Id.*

"In tort cases brought in Kentucky, Kentucky law is applied if a court finds there are *any* significant contacts with Kentucky."

3

*Warndorf*, 2019 WL 137585, at *2 (citing *Brewster v. Colgate-Palmolive Co.*, 279 S.W.3d 142, 145 (Ky. 2009)).  This is particularly true in tort and product liability cases, which are "intended to protect Kentucky residents and provide compensation when they are *the injured party*."  *Hoagland v. Ford Motor Co.*, No. Civ. A. 06-615-C, 2007 WL 2789768, at *4 (W.D. Ky. Sept. 21, 2007) (citation omitted).

In *Hoagland*, the Court applied Kentucky law to product liability claims brought by the estate of a Kentucky resident who was killed while driving her car in Indiana.  The Court noted: "Although the accident at issue in this case occurred in Indiana, it occurred in the middle of a brief trip, which both began and was intended to end in Kentucky."  *Hoagland*, 2007 WL 2789768, at *4.

Similarly, in *Warndorf*, the Court applied Kentucky law to tort claims brought by a Kentucky resident who was injured while riding in an elevator in Cincinnati, Ohio.  *Warndorf*, 2019 WL 137585, at *2.

Cases on which the Daimler defendants rely are distinguishable in important respects.  For example, in *Custom Products, Inc. v. Flour Daniel Canada, Inc.*, 262 F. Supp.2d 767 (W.D. Ky. 2003), the Court found that Canadian law applied to a dispute between companies involving contract, tort, and other claims.  The Court emphasized that Kentucky's interest in products

4

liability law did not weigh in favor of the Kentucky resident because it was not the injured party. *Id.* at 773-74. *See also McGinnis v. Taitano*, 3 F.Supp.2d 767, (W.D. Ky. 1998) (declining to apply Kentucky law claims arising out of accident that occurred in Germany because neither party had any connection to Kentucky at the time of the accident); *Rutherford v. Goodyear Tire and Rubber Co.*, 943 F. Supp. 789, 792-93 (W.D. Ky. 1996) (declining to apply Kentucky law to product liability claims brought by Indiana resident injured in automobile accident in Indiana, noting that case presented no injury to a Kentucky citizen).

Here, plaintiff's decedent was a Kentucky citizen, performing his job duties for his Kentucky employer during a brief trip that began and was intended to end in Kentucky. Plaintiff's claims are thus exactly the type that courts have held Kentucky has an interest in adjudicating under its law where allegedly defective products injure Kentucky citizens.

The Court thus holds that Kentucky, rather than Ohio, law applies, and this matter should proceed to discovery.

Therefore, having reviewed this matter, and the Court being otherwise advised,

**IT IS ORDERED** that:

(1)  The motions for summary judgment by defendants Daimler, Trucks North America, LLC (Doc. 30) and Daimler North America Corp. (Doc. 31), as well as plaintiff's motion

to strike a reply brief (Doc. 37), be and are hereby,

**DENIED;**

(2)    The parties shall have **until March 15, 2021 to complete discovery in this matter;** and

(3)    Motions for summary judgment shall be filed **thirty (30) days following the close of discovery.**

This 17th day of June 2020.



Signed By:

_William O. Bertelsman_ WOB

United States District Judge

6